IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY RALPH ABRARIA,

    Plaintiff,                    No. 2:12-cv-0469 GGH P

    vs.

SUSAN GEORGE, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to plaintiff's consent. Doc. 3. Plaintiff's original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8       A complaint must contain more than a "formulaic recitation of the elements of a

9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11 "The pleading must contain something more...than...a statement of facts that merely creates a

12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15 v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17 the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

18       In reviewing a complaint under this standard, the court must accept as true the

19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

20 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

21 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

22 1843 (1969).

23       Plaintiff's original complaint stated:

24 On July 14, 2011 Amy Fernandez takes 6 mo. Good time Credit.  Breaks plea deal as of 6-26-09 by attorney Terry Kookley. April 12, 2011 Susan George lies about
25 a phone call by [plaintiff] on March 14, 2011 at 11:32 am and whereabouts.  April 28th, 2011, Susan George in company w/ Tulelake Police Dept. Will not put
26 seatbelt on plaintiff also close his window on his tempal.  While plaintiff says by

1  to child, was ok, by Ms. George to do so, smirks as she refuses to let down the window for plaintiff.

Unfortunately, plaintiff's amended complaint, while providing additional information is still difficult to understand. It appears plaintiff was sent to prison in June 2011, for a violation of probation. Plaintiff states his sentence was too long and he contests the determination that he violated probation. Plaintiff also states that he was not provided a seatbelt when he was transported to jail, though he did not suffer any injuries. To the extent plaintiff wishes to challenge his violation of probation, he must do so in a petition for writ of habeas corpus and plaintiff has failed to allege any violations of 42 U.S.C. § 1983 in this complaint. Plaintiff's amended complaint is dismissed, but plaintiff will be given an opportunity to file a petition for habeas corpus in this case. If plaintiff wishes to file a petition, he must demonstrate that his claims have been exhausted. The exhaustion requirement is satisfied by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The complaint is dismissed, but plaintiff will be granted leave to file a petition for writ of habeas corpus in this case. Failure to file an amended filing will result in this action being dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint is dismissed for the reasons discussed above, with leave to file a petition for writ of habeas corpus, within twenty-eight days from the date of service of this order. Plaintiff must

\\\\\
\\\\\
\\\\\
\\\\\

---

[1] If plaintiff files a proper habeas petition this action will be reclassified as one brought pursuant to 28 U.S.C. § 2254.

3

1  demonstrate that his claims are exhausted.   Failure to file an amended filing will result in this
2  action being dismissed.
3  DATED: August 13, 2012

                              /s/ Gregory G. Hollows
                   UNITED STATES MAGISTRATE JUDGE

GGH: AB
abra0469.b2